IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **GRETCHEN M. STOKES,** | ) |
| | )   **U.S. DISTRICT COURT NO. <u>1:21-cv-00061-GNS</u>** |
|     **Plaintiff,** | ) |
| | )   **Case No. 20-CI-00299** |
| v. | )   (Removed from the Circuit Court of |
| | )   Logan County, Kentucky, Case No. |
| **LOGAN MEMORIAL HOSPITAL, LLC** | )   20-CI-00299) |
| **D/B/A LOGAN MEMORIAL HOSPITAL,** | ) |
| | ) |
| | ) |
|     **Defendant.** | ) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Logan Memorial Hospital, LLC d/b/a Logan Memorial Hospital ("Defendant") hereby provides notice of removal of this action from the Circuit Court of Logan County Kentucky, Case No. 20-CI-00299 to the United States District Court for the Western District of Kentucky. In support of removal, Defendant states the following:

1. This action was commenced on December 4, 2020 in the Circuit Court of Logan County, Kentucky, styled as *Gretchen M. Stokes v. Logan Memorial Hospital, LLC d/b/a Logan Memorial Hospital*, Case No. 20-CI-00299. Plaintiff served her Complaint in the underlying state court action on Defendant on December 15, 2020 via certified mail through its registered agent for service of process. A copy of all process, pleadings, and orders served upon it in the state court action is attached as Exhibit A.

2. This notice of Removal is filed within thirty days after receipt of Plaintiff's Answers to Defendant's First Set of Interrogatories, from which Defendant first ascertained that this matter is removable, as required by 28 U.S.C. § 1446(b)(3), because Plaintiff now seeks

damages in, and thus has placed in controversy, an amount in excess of $75,000. A copy of Plaintiff's Answers to Defendant's First Set of Interrogatories is attached as Exhibit B.

3. This Court has jurisdiction under 28 U.S.C. § 1332 and this matter is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, and Defendant has filed this notice within thirty days of service of a paper from which it first ascertained that the case has become removable.

4. Plaintiff alleges in the Complaint that she is a citizen and resident of Kentucky. (Exhibit A, Complaint at ¶ 4).

5. Defendant is a limited liability company and its sole member, Lifepoint Health, Inc., is a Delaware corporation with a principal place of business in Tennessee. For purposes of diversity jurisdiction, the citizenship of a limited liability company (such as Defendant) is determined by the citizenship of all of its members. *Delay v. Rosenthal Collins Group, Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009). A corporation (such as Lifepoint Health, Inc.) is a citizen of its state of incorporation and the state where it has its principal place of business. *Id.* Accordingly, Defendant is a citizen and resident of Delaware and Tennessee.

6. Based on the respective states of citizenship of the parties, there is complete diversity of citizenship.

7. Plaintiff's Answers to Defendant's First Set of Interrogatories, which were served on March 26, 2021, places at issue an amount in controversy in excess of $75,000. In response to Defendant's request to "identify the exact dollar amounts" that she is "seeking from Logan Memorial," Plaintiff stated that she "estimates her lost wages/loss of earning capacity damages at approximately $1,206,000 [and] also reserves damage claims for punitive damages and attorney's

fees . . ." (Exhibit B, Interrog. 11). Thus, the amount in controversy of any potential award of back pay, front pay, compensatory damages and punitive damages now exceeds $75,000 in total, exclusive of interests and costs, as required by 28 U.S.C. § 1332(a).

8. This Notice of Removal is filed within thirty days of service of Plaintiff's responses to Defendant's interrogatories, which for the first time identified the amount Plaintiff actually seeks in damages in this lawsuit and from which Defendant first ascertained that the case is removable, the Complaint only containing the minimum amount sufficient to invoke the state court's jurisdiction as was proper under the Kentucky Rules of Civil Procedure.

9. The venue of this action is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it embraces Logan County, Kentucky, the place where the state court action was pending.

10. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Logan County, Kentucky, and served upon the Plaintiff, the only adverse party.

11. By filing this Notice of Removal, Defendant does not waive, either expressly or impliedly, its rights to assert any defense or privilege it could have asserted in the Circuit Court of Logan County, Kentucky, to the United States District Court for the Western District of Kentucky. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant removes this action in its entirety from the Circuit Court of Logan County, Kentucky, to the United States District Court for the Western District of Kentucky.

/s/ Stanley E. Graham
Stanley E. Graham (Ky. Bar No. 95865)
Mark W. Peters, *Pro Hac Vice application forthcoming*
Kenshandra Mitchell, *Pro Hac Vice application forthcoming*
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN  37219
(615) 244-6380
(615) 244-6804 (Facsimile)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via First Class Mail, postage prepaid, upon:

David F. Broderick
Brandon T. Murley
BRODERICK & DAVENPORT, PLLC
Attorneys at Law
921 College Street - Phoenix Place
Post Office Box 3100
Bowling Green, KY 42102-3100
Telephone: (270) 782-6700
Facsimile: (270) 782-3110

*Attorneys for Plaintiff, Gretchen M. Stokes*

on this 15th day of April, 2021.

/s/ Stanley E. Graham