# EXHIBIT A



Mary J. Orange, Logan Circuit Clerk
P.O. Box 420, 329 West 4th St.
Russellville, KY 42276-0420

CT CORPORATION SYSTEM
306 W MAIN STREET
FRANKFORT, KY 40601



## KCOJ eFiling Cover Sheet

Case Number: 20-CI-00299

Envelope Number: 2989217

Package Retrieval Number: 298921720610275@00000072057

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.50

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Package:000001 of 000008

Presiding Judge: HON. JOE W. HENDRICKS JR. (607395)

Package : 000001 of 000008

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **20-CI-00299**<br>Court: **CIRCUIT**<br>County: **LOGAN** |

*Plantiff,* **STOKES, GRETCHEN M VS. LOGAN MEMORIAL HOSPITAL, LLC,** *Defendant*

TO:  **CT CORPORATION SYSTEM**
   **306 W MAIN STREET**
   **FRANKFORT, KY 40601**

Memo: Related party is LOGAN MEMORIAL HOSPITAL, LLC

The Commonwealth of Kentucky to Defendant:
**LOGAN MEMORIAL HOSPITAL, LLC**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ signature/*
Logan Circuit Clerk
Date: **12/4/2020**

Package:000002 of 000008
Presiding Judge: HON. JOE W. HENDRICKS JR. (607395)

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____         Served By _____

                              Title _____

Summons ID: 298921720610275@00000072057
CIRCUIT: 20-CI-00299 Certified Mail
STOKES, GRETCHEN M VS. LOGAN MEMORIAL HOSPITAL, LLC



Page 1 of 1

**eFiled**

Package : 000002 of 000008

COMMONWEALTH OF KENTUCKY
LOGAN CIRCUIT COURT
DIVISION ___
CASE NO. 20-CI-00299
(FILED ELECTRONICALLY)

GRETCHEN M. STOKES                                           PLAINTIFF

v.                          **COMPLAINT**

LOGAN MEMORIAL HOSPITAL, LLC D/B/A
LOGAN MEMORIAL HOSPITAL                                      DEFENDANT
330 Seven Springs Way
Brentwood, TN 37027

    SERVE:    Registered Agent
                  CT Corporation System
                  306 W Main Street
                  Frankfort, KY 40601

\*\*\*\*\*     \*\*\*\*\*     \*\*\*\*\*

Comes the Plaintiff, Gretchen M. Stokes, by and through counsel, and for her cause of action against the Defendant states as follows:

### INTRODUCTION

1. This is an action for money damages brought pursuant to the Kentucky Civil Rights Act, KRS Chapter 344, against Logan Memorial Hospital, LLC d/b/a Logan Memorial Hospital, alleging wrongful termination and disability discrimination, among other claims.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and subject matter pursuant to KRS § 23A.010.

1

3. Venue for this action lies in the Logan Circuit Court as all of the acts complained of herein, occurred in Logan County, Kentucky.

## THE PARTIES

4. Plaintiff, Gretchen M. Stokes, (hereinafter "Stokes" or "Plaintiff") is an adult citizen and was at all relevant times employed in Logan County, Kentucky. At all times mentioned in this Complaint, Plaintiff has had a disability as defined by KRS § 344.010 and referenced in KRS § 344.030(1).

5. Defendant, Logan Memorial Hospital, LLC d/b/a Logan Memorial Hospital, (hereinafter "Logan Memorial" or "Defendant"), is a foreign limited liability company whose principal place of business is 330 Seven Springs Way, Brentwood, TN 37027, and whose registered agent in Kentucky is "CT Corporation System" located at 306 W Main Street, Frankfort, KY 40601. At all times mentioned in this Complaint, Logan Memorial was an "employer" as defined by KRS §§ 344.010 and 344.030.

6. As an employer, Logan Memorial was at all operative times responsible for implementing and following such employment policies, procedures, and guidelines of the Defendant, Logan Memorial, consistent with the Kentucky Civil Rights Act, KRS Chapter 344, *et seq.*

## FACTUAL ALLEGATIONS

7. Stokes was a Physical Therapist Assistant (PTA) at Logan Memorial Physical Therapy Clinic for over fourteen years, until Logan Memorial assumed control of the Physical Therapy Clinic in January of 2020. At this time, Stokes gained a new supervisor, Kelly Whitaker.

2

8. In her youth, Stokes suffered a traumatic brain injury, which created long-lasting disabilities of short-term memory loss and walking/balance issues.

9. Upon taking control of the Physical Therapy Clinic, Logan Memorial had knowledge of Stokes' disability but provided her with little to no accommodation.

10. Ms. Whitaker, on behalf of Logan Memorial, made unnecessary write-ups of Stokes, some of which specifically related to her short-term memory loss. Thereafter, Stokes was laid off on or about April 8, 2020 for a period of 30-60 days, despite her having a longer employment period than other PTAs that remained on staff.

11. After Stokes eventually returned to work, on or about June 1, 2020, Stokes learned the new COVID-19 protocols, including the placement of personal protective equipment in a particular order, then the removal in a reverse order.

12. Stokes worked hard to commit the personal protective equipment process to her long-term memory and during that process she was written up several more times.

13. Next, Logan Memorial provided a Performance Improvement Plan (PIP) on June 10, 2020 to Stokes, with a projected completion date of July 4, 2020.

14. Without allowing Stokes to complete the PIP, as a result of her disability, Logan Memorial wrongfully terminated Stokes from her employment with Logan Memorial on or about June 17, 2020.

## COUNT I: DISABILITY DISCRIMINATION

15. The Plaintiff re-alleges and incorporates each and every allegation set forth in the preceding paragraphs 1 through 14 as if fully set forth herein.

16. As set forth above and pursuant to KRS Chapter 344, Stokes is an individual with a disability; she was otherwise qualified to perform the job requirements with Logan Memorial, with or without reasonable accommodation; and she suffered an adverse employment decision solely by reason of her handicap when Logan Memorial terminated her employment.

17. As a direct and proximate result of the conduct of Logan Memorial, Stokes has suffered the injuries and damages, both compensatory and special, exceeding the minimum jurisdictional limits imposed by this Court, for which Logan Memorial is liable.

18. The actions of Logan Memorial were accomplished with malicious and oppressive intent and in derogation of the rights and privileges of Plaintiff Stokes as a citizen and resident of the Commonwealth of Kentucky as alleged in the subsequent Counts of this Complaint.

## COUNT II: VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

19. The Plaintiff re-alleges and incorporates each and every allegation set forth in the preceding paragraphs 1 through 18, as if fully set forth herein.

20. The forgoing Defendant's acts and omissions constitute a violation of the Kentucky Civil Rights Act, KRS 344 *et seq.*, because the Plaintiff possessed a right to be free discrimination and discharge on the basis of disability.

21. The Plaintiff is entitled to recover attorneys' fees and damages as provided by the Kentucky Civil Rights Act, KRS § 344.675.

### COUNT III: DEPRIVATION OF PROPERTY INTEREST

22. The Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 21, as if fully set forth herein.

23. The actions of the Defendant constitute an unconstitutional deprivation of Ms. Stokes' property interest in continued employment, in violation of the due process clause of the Constitution of the State of Kentucky.

24. Stokes has suffered severe emotional distress, consisting of anxiety, apprehension and physical suffering as the direct and proximate result of the Defendant's wrongful conduct as set forth in the preceding paragraphs of this Complaint, and is entitled to recover from the Defendant, compensatory and punitive damages.

### COUNT IV: PUNITIVE DAMAGES

25. The Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 24, as if fully set forth herein.

26. The actions of the Defendant constitute oppressive and malicious acts such as violate the Punitive Damages provisions of KRS § 411.184, thus allowing this Plaintiff the right to seek and obtain punitive damages in addition to compensatory damages under the facts of this case.

### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

27. The Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 26, as if fully set forth herein.

28. The Plaintiff is entitled to pre-judgment interest and post-judgment

5

interest as provided by statutory and applicable case law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Gretchen M. Stokes, respectfully requests the following:

A. Trial By Jury;

B. Judgment against the Defendant for the following:

    1. actual damages, compensatory damages, special damages, and punitive damages;

    2. an award of Plaintiff's reasonable attorney fees;

    3. an award of pre-judgment and post-judgment interest and costs; and

C. Any and all other relief to which the Plaintiff might appear entitled.

This the 9th day of December, 2020.

BRODERICK & DAVENPORT, PLLC
Attorneys at Law
921 College Street- Phoenix Place
Post Office Box 3100
Bowling Green, KY 42102-3100
Telephone: 270-782-6700
Telefax: 270-782-3110

HON. DAVID F. BRODERICK
HON. BRANDON T. MURLEY

COMMONWEALTH OF KENTUCKY
LOGAN COUNTY CIRCUIT COURT

| | |
|---|---|
| GRETCHEN M. STOKES, | ) |
| Plaintiff, | ) |
| | ) Case No. 20-CI-00299 |
| v. | ) |
| | ) Judge Joe W. Hendricks, Jr. |
| LOGAN MEMORIAL HOSPITAL, LLC. | ) |
| D/B/A LOGAN MEMORIAL HOSPITAL, | ) |
| Defendant. | ) |

## ANSWER

Defendant Logan Memorial Hospital, LLC d/b/a Logan Memorial Hospital ("Logan Memorial") answers the Complaint as follows:

### FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, because it fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint should be dismissed to the extent Plaintiff alleges or complains about any purported unlawful act, omission, or employment practice that is barred by the applicable statute of limitations.

### THIRD DEFENSE

The Complaint must be dismissed because any employment action taken by Logan Memorial with respect to Plaintiff was justifiable, was for legitimate non-discriminatory and non-retaliatory business reasons, and was not willful, wanton, malicious, or done in a reckless manner.

### FOURTH DEFENSE

Without admitting that Plaintiff is disabled within the meaning of KRS Chapter 344, any claim of disability discrimination is barred because Plaintiff was not a qualified individual with a disability within the meaning of the statute.

### FIFTH DEFENSE

The Complaint must be dismissed to the extent Plaintiff's claims or remedies are barred or limited by the doctrine of after-acquired evidence.

### SIXTH DEFENSE

Plaintiff's claims against Logan Memorial are barred to the extent applicable by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

### SEVENTH DEFENSE

Without admitting any wrongdoing with respect to Plaintiff, any allegation of discriminatory conduct must be dismissed because at all times Logan Memorial had in place a clear and effective method for reporting workplace discrimination of any kind, it exercised reasonable care to prevent and promptly correct any discriminatory behavior and Plaintiff failed to take advantage of the preventive or corrective opportunities Logan Memorial made available to her.

### EIGHTH DEFENSE

Without admitting any wrongdoing with respect to Plaintiff, any allegation of discriminatory conduct must be dismissed to the extent the alleged discriminatory acts were neither committed nor ratified by persons acting on behalf of Logan Memorial or within the scope of their employment with Logan Memorial, and cannot otherwise be imputed to Logan Memorial.

## NINTH DEFENSE

Any other defense herein notwithstanding, Plaintiff cannot establish that but for any alleged bias against her alleged disability, she would not have been subject to the employment actions about which she complains.

## TENTH DEFENSE

Plaintiff is barred from asserting a claim that Logan Memorial deprived her of a property interest in continued employment because she was an at-will employee.

## ELEVENTH DEFENSE

The Complaint's claims should be dismissed to the extent that Plaintiff has failed to mitigate her alleged damages, or alternatively, has mitigated her alleged damages and is not entitled to the relief sought. Additionally, any economic damages Plaintiff may seek to recover must be offset by the amount of income earned by Plaintiff since Logan Memorial terminated her employment with it.

## TWELFTH DEFENSE

The Complaint's claims for compensatory and punitive damages must be dismissed because Plaintiff has failed to plead facts or law sufficient to support the availability of such damages. Moreover, any claims for punitive damages must be dismissed because any alleged discriminatory or otherwise unlawful behavior imputed to Logan Memorial, all of which Logan Memorial denies, was neither intentional, knowing, reckless, nor malicious, and was contrary to Logan Memorial's good faith efforts to comply with applicable law.

## THIRTEENTH DEFENSE

Logan Memorial at all relevant times provided workers compensation coverage as required by Kentucky law, and thus Plaintiff's claims for alleged mental and emotional injuries are barred

by the exclusivity provisions of the Kentucky Workers Compensation Act, Ky. Rev. Stat. § 342.690(1).

## FOURTEENTH DEFENSE

Logan Memorial responds to the individually numbered paragraphs of the Complaint as follows:

1. Logan Memorial admits that Plaintiff purports to state claims under the Kentucky Civil Rights Act and denies that Plaintiff is entitled to relief under any legal theory.

2. Logan Memorial admits that jurisdiction is appropriate in this Court and denies that Plaintiff is entitled to relief under any legal theory.

3. Logan Memorial admits that venue is proper in this Court and denies that Plaintiff is entitled to relief under any legal theory.

4. Logan Memorial admits the allegations of the first sentence of Paragraph 4 of the Complaint and denies the second.

5. Logan Memorial admits the allegations of Paragraph 5.

6. Logan Memorial admits that it is required to comply with the Kentucky Civil Rights Act as applicable and denies the remaining allegations of Paragraph 6 inconsistent with the foregoing.

7. Logan Memorial admits the allegations of Paragraph 7.

8. Logan Memorial is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 8, and therefore denies the same.

9. Logan Memorial denies the allegations of Paragraph 9.

10. Logan Memorial admits that Plaintiff received a written counseling on March 20, 2020 and that she was furloughed on or about April 8, 2020. It denies the remaining allegations in Paragraph 10.

11. Logan Memorial denies the allegations of Paragraph 11.

12. Logan Memorial admits that Plaintiff received a written counseling on June 4, 2020 and denies the remaining allegations of Paragraph 12.

13. Logan Memorial admits that it placed Plaintiff on a Performance Improvement Plan on June 4, 2020 and denies that it promised Plaintiff that she would be employed through July 4, 2020 regardless of her performance.

14. Logan Memorial admits that it terminated Plaintiff's employment on June 17, 2020 and denies the remaining allegations of Paragraph 14.

15. Logan Memorial adopts and incorporates its responses to Paragraphs 1 to 14 as if fully stated herein.

16. Logan Memorial denies the allegations of Paragraph 16.

17. Logan Memorial denies the allegations of Paragraph 17.

18. Logan Memorial denies the allegations of Paragraph 18.

19. Logan Memorial adopts and incorporates its responses to Paragraphs 1 to 18 as if fully stated herein.

20. Logan Memorial denies the allegations of Paragraph 20.

21. Logan Memorial denies the allegations of Paragraph 21.

22. Logan Memorial adopts and incorporates its responses to Paragraphs 1 to 21 as if fully stated herein.

23. Logan Memorial denies the allegations of Paragraph 23.

24. Logan Memorial denies the allegations of Paragraph 24.

25. Logan Memorial adopts and incorporates its responses to Paragraphs 1 to 24 as if fully stated herein.

26. Logan Memorial denies the allegations of Paragraph 26.

27. Logan Memorial adopts and incorporates its responses to Paragraphs 1 to 26 as if fully stated herein.

28. Logan Memorial denies the allegations of Paragraph 28.

29. Logan Memorial denies that Plaintiff is entitled to any relief as so stated in the Prayer for Relief.

30. Logan Memorial denies all allegations not expressly admitted or denied herein.

WHEREFORE, having answered the allegations in the Complaint and asserted its defenses thereto, Logan Memorial requests that the Complaint be dismissed with prejudice, that it be awarded its costs, expenses, and legal fees in the amount and manner permitted by applicable law, and that the Court award such further relief as is just and proper.

This the 12th day of February, 2021.

s/ Stanley E. Graham
Stanley E. Graham (Ky. Bar No. 95865)
Mark W. Peters
*Pro Hac Vice* application forthcoming
Kenshandra Mitchell
*Pro Hac Vice* application forthcoming
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380
(615) 244-6804 (Facsimile)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer to Plaintiff's Complaint has been served through Certified Mail upon:

BRODERICK & DAVENPORT, PLLC
Attorneys at Law
921 College Street - Phoenix Place
Post Office Box 3100
Bowling Green, KY 42102-3100
Telephone: (270) 782-6700
Facsimile: (270) 782-3110

*Attorneys for Plaintiff, Gretchen M. Stokes*

on this 12th day of February, 2021.

s/Stanley E. Graham

COMMONWEALTH OF KENTUCKY
LOGAN COUNTY CIRCUIT COURT

| | |
|---|---|
| GRETCHEN M. STOKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 20-CI-00299 |
| v. | ) |
| | ) Judge Joe W. Hendricks, Jr. |
| LOGAN MEMORIAL HOSPITAL, LLC. | ) |
| D/B/A LOGAN MEMORIAL HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF SERVICE OF DISCOVERY

Defendant Logan Memorial Hospital, LLC, d/b/a Logan Memorial Hospital, hereby gives notice that it served its First Set of Interrogatories and Requests for Production upon Plaintiff Gretchen M. Stokes on this 12th day of February, 2021.

s/ Stanley E. Graham
Stanley E. Graham (Ky. Bar No. 95865)
Mark W. Peters
*Pro Hac Vice* application forthcoming
Kenshandra Mitchell
*Pro Hac Vice* application forthcoming
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380
(615) 244-6804 (Facsimile)

*Attorneys for Logan Memorial, LLC d/b/a Logan Memorial Hospital*

4851-1525-5004.2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Filing of Discovery has been served through Certified Mail upon:

BRODERICK & DAVENPORT, PLLC
Attorneys at Law
921 College Street - Phoenix Place
Post Office Box 3100
Bowling Green, KY 42102-3100
Indianapolis, IN 46204
Telephone: (270) 782-6700
Facsimile: (270) 782-3110

*Attorneys for Plaintiff, Gretchen M. Stokes*

on this 12th day of February, 2021.

                s/Stanley E. Graham

COMMONWEALTH OF KENTUCKY
LOGAN CIRCUIT COURT
HON. JOE W. HENDRICKS, JR. JUDGE
CIVIL ACTION NO. 20-CI-00299
(FILED ELECTRONICALLY)

GRETCHEN M. STOKES      PLAINTIFF

v.      **NOTICE OF EXCHANGE**

LOGAN MEMORIAL HOSPITAL, LLC d/b/a
LOGAN MEMORIAL HOSPITAL      DEFENDANT

\* \* \* \* \*     \* \* \* \* \*     \* \* \* \* \*

Comes now the Plaintiff, Gretchen M. Stokes, by and through counsel, and hereby provides notice of the exchange of her Answers to Defendant's First Set of Interrogatories and her Responses to Defendant's Requests for Production. The same will not be filed of record unless Plaintiff is ordered to do so.

This the 14 day of March, 2021.

                                 BRODERICK & DAVENPORT, PLLC
                                 Attorneys at Law
                                 921 College Street- Phoenix Place
                                 Post Office Box 3100
                                 Bowling Green, KY 42102-3100
                                 Telephone:   270-782-6700
                                 Telefax:       270-782-3110

                                 _____
                                 HON. DAVID F. BRODERICK
                                 HON. BRANDON T. MURLEY

1

## CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing was filed electronically with the clerk by using the Court's eFiling system, which will send a notice of electronic filing, with a link to the pleading, to registered users, and that a copy of the same was sent via email to the following:

Stanley E. Graham
Mark W. Peters
Kenshandra Mitchell
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
stan.graham@wallerlaw.com
mark.peters@wallerlaw.com
kenshandra.mitchell@wallerlaw.com
*Counsel for Defendant*

This the 11 day of March, 2021.

DAVID F. BRODERICK
BRANDON T. MURLEY

2